**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| PAY AS YOU GO, LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 7:26-cv-00245-DC |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| VIASAT, INC., | § | |
| | § | |
| Defendant. | § | |

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Viasat, Inc. ("Viasat") answers the complaint of plaintiff Pay As You Go, LLC ("plaintiff") as follows:

## I. THE PARTIES

1. Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

2. Viasat admits that it is a Delaware corporation and has a registered agent at C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas, 75201. Viasat denies the remaining allegations set forth in this paragraph.

## II. JURISDICTION AND VENUE

3. Viasat admits that this is an action for patent infringement and that this Court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338(a).

4. Viasat admits that, for purposes of this case only, the Court can exercise personal jurisdiction over Viasat. Viasat denies the remaining allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

5. Viasat admits that, for purposes of this case only, the Court can exercise personal jurisdiction over Viasat. Viasat denies the remaining allegations set forth in this paragraph and specifically denies that it has committed any acts of infringement.

6. Viasat admits that, for purposes of this case only, venue is proper under 28 U.S.C. § 1400(b). Viasat denies the remaining allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

7. This paragraph contains legal argument and conclusions to which no response is required.

## III. THE PATENT-IN-SUIT

8. Viasat incorporates by reference paragraphs 1 through 7 above as if fully set forth herein.

9. Viasat admits that the '127 patent bears an issue date of March 14, 2006, and that a copy of the '127 patent is attached as Exhibit A, but denies the remaining allegations in this paragraph.

10. Viasat denies the allegations in this paragraph, and specifically denies that it has committed any acts of infringement.

### Background of the Invention

11. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

12. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat is without knowledge or information

sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

13. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

14. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

15. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

**The Patented Invention**

16. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

17. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

18. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

19. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

20. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

21. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

22. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

23. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

24. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

25. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

26. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

27. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

28. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph, except that the ’127 patent states that “[t]he telecommunication services provider 18 then relays this information in step 78 of FIG. 2 back to the user 10 via e-mail 30, via interactive web access 40, via SMS 42, via MMS 44, and/or via a voice and/or a data call 46.” ’127 patent at 4:51-55.

29. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph, except that the ’127 patent states that “receiving a payment from the user, the payment obtained from a payment transaction wherein: a payment is received from the user at a point-of-sale together with an account identifier” and “data indicative of the payment transaction is received from the point-of-sale by the telecommunication services provider, and an amount of money equal to the amount of payment is received from a point-of-sale proprietor by the telecommunication services provider.” ’127 patent at 6:45-50.

30. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

31. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

32. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

33. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

34. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

35. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

36. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

37. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

38. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph, except that the ’127 patent states “[t]he designated location 12 can be any location that processes a credit card, e.g., retail stores such as the dry cleaners, the drug store, the supermarket, etc.” ’127 patent at 4:34-37.

39. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph, except that the ’127 patent states “data indicative of the payment transaction is received from the point-of-sale by the telecommunication services provider.” ’127 patent at 6:48-50.

40. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph, except that the ’127 patent states that “a payment is received from the user at a point-of-sale together with an account identifier.” ’127 patent at 6:46-47.

41. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph, except that the ’127 patent states that “data indicative of the payment transaction is received from the point-of-sale by the telecommunication services provider.” ’127 patent at 6:48-50.

42. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this

paragraph, except that the ’127 patent states that “an amount of money equal to the payment amount is received from a point-of-sale proprietor by the telecommunication services provider.” ’127 patent at 6:50-53.

43. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph, except that the ’127 patent states “Call charge information associated with the use of the telecommunication services is virtually simultaneously accessible by the user when the use of the services is terminated.” ’127 patent at 2:26-32.

44. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph, except that the ’127 patent states “Call charge information associated with the use of the telecommunication services is virtually simultaneously accessible by the user when the use of the services is terminated.” ’127 patent at 2:26-32.

45. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

46. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

## IV. COUNT I
## (PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 7,013,127)

47. Viasat denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

48. Viasat denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

49. Viasat denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

50. Viasat denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

51. Viasat denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement.

52. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph, and specifically denies that it has committed any acts of infringement and that the plaintiff is entitled to the relief requested.

53. This paragraph contains legal argument and conclusions to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in this paragraph.

## V. JURY DEMAND

Viasat admits that the complaint sets forth a demand for a jury trial.

## VI. PRAYER FOR RELIEF

The lettered paragraphs contain requests for relief to which no response is required. To the extent that a response is required, Viasat denies the allegations set forth in these paragraphs, and specifically denies that it has committed any acts of infringement and that plaintiff is entitled to the relief requested.

## VIASAT'S AFFIRMATIVE DEFENSES

Viasat may amend this Answer to add affirmative defenses, including allegations of inequitable conduct, or any other defenses currently unknown to Viasat, as they become known throughout the course of this action. Assertion of a defense is not a concession that Viasat bears the burden of proof.

### FIRST AFFIRMATIVE DEFENSE

*(Non-Infringement)*

Plaintiff is not entitled to any relief against Viasat because Viasat does not and has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '127 patent.

### SECOND AFFIRMATIVE DEFENSE

*(Invalidity)*

The asserted claims of the '127 patent are invalid for failure to meet the requirements of Title 35, United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto, as well as obviousness type double patenting.

### THIRD AFFIRMATIVE DEFENSE

*(Limitation on Damages and Costs)*

The relief sought by plaintiff is barred or limited by 35 U.S.C. §§ 286, 287, and 288. Plaintiff is not entitled to damages for any activities before the filing of this action.

### FOURTH AFFIRMATIVE DEFENSE

*(License and Exhaustion)*

Plaintiff's claims for relief are barred in whole or in part by express or implied license or patent exhaustion.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

*(Ensnarement)*

Plaintiff's claims for relief under the doctrine of equivalents are barred in whole or in part by the doctrine of ensnarement.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

*(Prosecution History Estoppel)*

The relief sought by plaintiff is barred, in whole or in part, under the doctrine of prosecution history estoppel, or prosecution history disclaimer due to amendments, or statements made during prosecution of the '127 patent.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

*(Equitable Defenses)*

Plaintiff's claims are barred or limited under principles of equity, including but not limited to prosecution laches, delay, waiver, implied waiver, acquiescence, estoppel, and unclean hands.

**<u>EIGHTH AFFIRMATIVE DEFENSE</u>**

*(Lack of Standing)*

Plaintiff lacks standing to bring this suit to the extent that plaintiff or its predecessors-in-interest lacked sufficient chain of title to the '127 patent, and to the extent that plaintiff lacks the ability to exclude or lacks substantial rights to the '127 patent.

**<u>NINTH AFFIRMATIVE DEFENSE</u>**

*(Substantial Non-Infringing Uses)*

Any allegedly infringing products or services have substantial uses that do not infringe and do not induce or contribute to any infringement of any asserted claim of the '127 patent.

**TENTH AFFIRMATIVE DEFENSE**

*(No Willful Infringement)*

Plaintiff is not entitled to a finding of willful infringement under 35 U.S.C. § 284.

**ELEVENTH AFFIRMATIVE DEFENSE**

*(Plaintiff Cannot Show Exceptional Case)*

Viasat has engaged in all relevant activities in good faith, thereby precluding plaintiff, even if it prevails, from a finding that this case is exceptional or recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

**REQUEST FOR RELIEF**

WHEREFORE, Viasat respectfully requests that the Court:

(A) Enter judgment that Viasat does not infringe any claims of the '127 patent under any theory;

(B) Enter judgment that the '127 patent is invalid;

(C) Dismiss plaintiff's claims against Viasat with prejudice;

(D) Find that this is an exceptional case under 35 U.S.C. § 285;

(E) Award Viasat its costs and attorneys' fees in this action; and

(F) Award Viasat such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Viasat demands a jury trial on all issues and claims so triable.

Date: September 11, 2026

Respectfully submitted,

*/s/ James Travis Underwood*
James Travis Underwood
State Bar No. 24102587
GILLAM & SMITH, LLP
7232 Crosswater Avenue
Tyler, Texas, 75703
+1 (903) 934-8450

+1 (903) 934-9257 facsimile
travis@gillamsmithlaw.com

*Attorneys for Defendant Viasat, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, I caused the foregoing Answer to Complaint for Patent Infringement of defendant Viasat, Inc. to be served on all counsel of record through the Court's electronic filing system.

*/s/ James Travis Underwood*
James Travis Underwood