# EXHIBIT 32

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN PROTECTION SERVICES, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:15-cv-01431-JRG-RSP<br><br>LEAD CASE |
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>ADS SECURITY, LP<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 2:15-cv-01463-JRG-RSP<br><br>CONSOLIDATED CASE |

**DECLARATION OF LEIGH ROTHSCHILD IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT ADS' CROSS MOTION FOR ATTORNEYS' FEES**

I, Leigh Rothschild, hereby declare as follows:

1. My name is Leigh M. Rothschild. I submit this Declaration in support of the Plaintiff Rothschild Connected Devices, Inc.'s ("RCDI") response opposing to Defendant ADS's motion for attorney fees.

2. I am over 18 years of age, and I am fully competent to make this sworn declaration. I have personal knowledge of the facts stated in this declaration, and they are all true and correct.



3. I have an undergraduate and graduate degree in History and Business from the University of Miami.

4. I am the founder of RCDI, the plaintiff in this lawsuit.

5. I am an inventor on approximately 87 issued patents and more than 125 pending patent applications. I have invested considerable personal resources in the patent system and asserting my patent portfolios. I regularly license my patents. I have also spent considerable effort and money in further developing my inventions and filing continuing patent applications to protect those developments.

6. I am the sole inventor of U.S. Patent Nos. 8,788,090 (the "'090 Patent"), which is the patent-in-suit in this lawsuit.

7. I believe in good faith that the '090 Patent is valid and enforceable. I also believe in good faith that ADS is infringing the '090 Patent.

8. RCDI sued ADS in good faith. In filing its Complaint, RCDI had no intent to use litigation to harass Defendant ADS or to extort what could be considered a nuisance-value settlement.

9. As part of the preparation for filing a lawsuit against ADS, I commissioned the creation of a claim chart showing that, based on publicly available information, each element of at least claim 1 reads on the products accused of infringement in the Complaint. I have more than 20 years of experience involving claim construction and claim charts in connection with patent litigation. I also personally analyzed the claims and the claim constructions in this case prior to the filing of the lawsuit.

10. To my knowledge, nobody acting on RCDI's behalf has analyzed any of the prior art asserted in Defendant's motion for attorney fees to make a determination, or form a belief, as

to whether such prior art would invalidate the '090 Patent. To my knowledge, nobody acting on behalf of RCDI has ever reached a conclusion that the '090 Patent is invalid.

11. In lawsuits enforcing the '090 Patent, RCDI has made early settlement proposals to provide a solution for defendants that seek early resolution. Some defendants have accepted and/or negotiated an early settlement. Others have not. RCDI does not associate its early settlement proposals with litigation costs. RCDI has not attempted to strong-arm any defendants into settling a lawsuit. Prior to filing this lawsuit, in licensing the '090 Patent, RCDI received what it considers to be material settlements (some from very large companies), and which it did not consider to be "nuisance value."

12. On November 19, 2015, RCDI's counsel informed me that Defendant's counsel had contacted him threatening to file a Rule 11 motion and a Motion for Judgment on the Pleadings ("Alice Motion") if RCDI did not dismiss the lawsuit and pay Defendant's then-alleged attorney fees of $43,330. (see Email, Attachment A). In 20 years of asserting patents on which I am the inventor, this is the only time that a defendant has threatened a Rule 11 motion that was explicitly tied to a demand for a stipulated amount of attorney fees. I consider this threat to be unethical, reckless, and possibly bordering on extortion. RCDI considered the Rule 11 threat and determined that it should be found to be meritless. Nevertheless, RCDI also determined that the threat was indicative of an overly aggressive and reckless defendant. In view of the circumstances, and in an effort to shield RCDI's counsel from any possible negative repercussions, RCDI made a strategic and frustrating decision to simply withdraw the lawsuit against ADS.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 8, 2016



BY: ______________________________
Leigh Rothschild

February 8, 2016