# EXHIBIT 34

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 14-22134-CIV-MIDDLEBROOKS

ROTHSCHILD DIGITAL MEDIA
INNOVATIONS, LLC,

Plaintiff,

v.

SONY COMPUTER ENTERTAINMENT
AMERICA, LLC,

Defendant.
__________________________________/

**DECLARATION OF LEIGH M. ROTHSCHILD**

I, Leigh M. Rothschild, hereby declare:

1. I am an adult resident of the State of Florida. I have resided in Miami-Dade County for over 40 years.

2. I received my undergraduate degree from the University of Miami in 1973 and my graduate degree in Business Administration from the University of Miami School of Business in 1974.

3. My lifelong passion is inventing. I was issued my first United States Patent in my early twenties, and I have continued inventing since. I have been issued over 60 United States patents and I currently have over 150 other patent applications pending worldwide. Most of my issued and pending patents relate to the electronic arts.

4. I am the sole inventor of United States Patent 6,101,534 (the '534 Patent").

5. Early in my career, I served as Chairman of IntraCorp, Inc., a Miami-based video game publishing company. During my tenure at IntraCorp, I oversaw the development of various computer-based video games.

6. While at IntraCorp, I also founded Capstone Software, Inc., an IntraCorp subsidiary also in the business of creating and publishing computer-based video games.

7. Later, I went on to create BarPoint, Inc., a Fort Lauderdale corporation specializing in e-commerce. While Chairman and CEO at BarPoint, I invented and was issued a United States Patent for the technology that links barcodes to URLs (webpages). That patented technology is now in use by various well-known Internet companies such as eBay and Microsoft. BarPoint was, for a time, traded on the NASDQ stock exchange.During my career I have been appointed to various technology policy organizations. In 1992, President George H.W. Bush appointed me to the High-Resolution Board of the United States. In the 1990s, I served on Florida's IT Florida Technology Board, at the request of Governor Jeb Bush.

8. I founded and currently chair the Rothschild Family Foundation. Through this Foundation, I have given endowments to various charities and institutions including the Tampa Children's Home, Miami Symphony Orchestra, and the University of Miami School of Business. I also fund and was active in the "Rothschild Entrepreneurial Prize" at the University of Miami School of Business.

9. I am now Managing Director of Rothschild Trust Holdings, LLC, a Florida corporation, where I concentrate on creative pursuits.

10. In 2013, I created Rothschild Digital Media Innovations, LLC ("RDMI") – the plaintiff in this case – for the purpose of licensing and enforcing certain of my various

inventions, including the '534 Patent. RDMI is successor to Rothschild Trust Holdings, LLC and Trust Licensing, LLC in ownership of the '534 Patent.

11. All of the documents and files that RDMI maintains and that are relevant to this lawsuit, including any documents relating to the prosecution, ownership, licensing and enforcement of the '534 Patent, are located in Florida.

12. The attorney who prepared and prosecuted the patent application that was ultimately issued by the United States Patent and Trademark Office as the '534 Patent is Peter Matos, Esq., of the Malloy & Malloy, P.A. firm located in Miami, Florida. Depending on the arguments that defendant Sony Computer Entertainment, LLC ("SCEA") raises in connection with its defense of patent invalidity, Mr. Matos may be a witness in this case.

13. It would be extremely expensive, wasteful of RDMI's limited resources, and substantially inconvenient for RDMI to litigate this case in California.

14. The products that are accused of infringement in this case are distributed extensively throughout the state of Florida. The products have been sold, and continue to be sold, at hundreds of retail locations throughout Florida, including but not limited to such well-known retail chains as Best Buy, Target, Wal-Mart and GameStop.

15. RDMI has no contacts with California. It has no offices in California. It has no employees in California. It is not registered to do business in California. It has no contractors or customers in California.

16. Upon information and belief, SCEA is a company that engages in nationwide and worldwide sales of the products that are accused of infringement in this case. Upon information and belief, the domestic revenues to SCEA from its sales of infringing products incorporating RDMI's technology is estimated to be at least in the tens of billions of dollars. Accordingly, it is

my belief that SCEA can easily bear the cost of litigating in this forum, whereas a transfer of this case to California would by comparison result in a substantial hardship to RDMI.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 4th day of August 2014 in Miami, Florida.

Leigh M. Rothschild