**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **PAY AS YOU GO, LLC,**<br>Plaintiff,<br><br>v.<br><br>**VIASAT, INC.**<br>Defendant. | C.A. No. 7:26-cv-00245-DC-DTG<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

Pursuant to the Court's September 15, 2026, Order Setting Initial Pretrial Conference Held in Person (Dkt. No. 15) and Rule 26, Fed. R. Civ. P., plaintiff Pay As You Go, LLC and defendant Viasat, Inc. submit the following Joint Rule 26 Report.

**1. Are there any outstanding jurisdictional issues?**

Yes. On October 12, 2026, defendant filed its Motion to Dismiss Under 12(b)(1) for Lack of Standing. Dkt. No. 16. Plaintiff's opposition brief is due on October 26, and defendant's reply brief is due on November 2.

**2. Are there any unserved parties?**

No.

**3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiff asserts that Defendant infringes claim 1 of United States Patent No. 7,013,127 ("the '127 Patent" or "Patent-in-Suit"). Plaintiff is seeking damages for Defendant's patent infringement, and pre-judgement and post-judgment interest and costs.

Defendant denies that plaintiff has standing to bring this action. Dkt. No. 16. In the alternative, defendant denies that it has committed any acts of infringement or that Plaintiff is

entitled to any relief. Dkt. No. 12. Defendant also asserts affirmative defenses of non-infringement, invalidity, limitation on damages and costs, license and exhaustion, ensnarement, prosecution history estoppel, equitable defenses, lack of standing, substantial non-infringing uses, no willful infringement, and no exceptional case. *Id.*

The parties may supplement their causes of action, defenses, and counterclaims as allowed by the Scheduling Order and the applicable rules.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

The parties are not aware of any agreements or stipulations that can be made about any facts in this case or any element in the causes of action, but will confer in good faith should they become aware of any.

**5. State the parties' views and proposals on items identified in Fed. R. Civ. P. 26(f)(3)?**

*Fed. R. Civ. P. 26(f)(3)(A): what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:*

The parties have not made initial disclosures.

Plaintiff's statement: Plaintiff submits to the Court a proposed Scheduling Order, which includes a deadline for Initial Disclosures.

Defendant's statement: for the reasons explained in defendant's motion to dismiss, Dkt. No. 16, defendant requests that the Court stay this action for all purposes except standing until resolution of defendant's motion to dismiss. Should the action survive this motion, the parties can submit a proposed scheduling order at that time.

*Fed. R. Civ. P. 26(f)(3)(B): the subjects on which discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;*

Plaintiff's Statement: Plaintiff identifies and anticipates taking document and testimonial discovery on the following issues:

i. Document and testimonial discovery from Defendant relating to the use, functionality and operation of the Accused Instrumentality;

ii. Document and testimonial discovery from third parties relating to the functionality and operation of the Accused Instrumentality;

iii. Document and testimonial discovery relating to the underlying basis for Defendant's invalidity assertions;

iv. Document and testimonial discovery relating to the underlying basis for Plaintiff's claims and Defendant's affirmative defenses;

v. Document and testimonial discovery relating to Defendant's knowledge of the Patent-in-Suit;

vi. Document and testimonial discovery relating to damages, including the reasonable royalty factors identified in *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970);

vii. Document and testimonial discovery relating to any allegedly non-infringing alternatives;

viii. Defendant's Accused Instrumentality, including its use, structure, and function, and revenue and profits attributable to the sale, licensing, or use of the Accused Instrumentality;

ix. Document and testimonial discovery sufficient to identify persons and entities responsible for the design, development, specifications, sales, and marketing of the accused instrumentality; and

x. Document and testimonial discovery relating to ownership of the Asserted Patent.

xi. Plaintiff's structure, prior licenses and agreements concerning the asserted patents, prior art to the asserted patents, the alleged conception and reduction to practice of the purported inventions, and Plaintiff's licensing practices and history;

xii. Defendant's structure and licensing practices and history;

xiii. The scope and proper conception of the asserted claims of the '127 patent

Defendant's statement: for the reasons explained in defendant's motion to dismiss, Dkt. No. 16, defendant requests that the Court stay this action for all purposes except standing until

resolution of defendant's motion to dismiss. Should the Court order discovery into the standing issue, defendant anticipates that it will seek discovery regarding the structure of plaintiff and its related companies; the relationship between plaintiff, its related companies, and ultimate parent Mr. Leigh Rothschild; negotiations and agreements between plaintiff, its related companies, and ultimate parent Mr. Leigh Rothschild; the flow of money and control between plaintiff, its related companies, and ultimate parent Mr. Leigh Rothschild; and negotiations and agreements between plaintiff, its related companies, or ultimate parent Mr. Leigh Rothschild on one side, and litigation opponents or other counterparties on the other side.

*Fed. R. Civ. P. 26(f)(3)(C): any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;*

The parties are not currently aware of any issues regarding disclosure, discovery, or preservation of electronically stored information, but will follow the Court's procedures should any such issues arise.

*Fed. R. Civ. P. 26(f)(3)(D): any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A) and—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;*

The parties are not currently aware of any issues regarding claims of privilege or of protection as trial-preparation materials, but will follow the Court's procedures should any such issues arise.

*Fed. R. Civ. P. 26(f)(3)(E): what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed;*

The parties do not currently seek any changes to limitations on discovery, but will follow the Court's procedures should any such issues arise.

*Fed. R. Civ. P. 26(f)(3)(F): any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)*:

The parties do not currently seek any orders under Rule 26(c) or under Rule 16(b) and (c), but will follow the Court's procedures should they wish to do so.

**6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?**

No party has taken any discovery.

Plaintiff's statement: Plaintiff intends to proceed with discovery in accordance with the proposed Scheduling Order. Plaintiff does not propose conducting discovery in phases.

Defendant's statement: for the reasons explained in defendant's motion to dismiss, Dkt. No. 16, defendant requests that the Court stay this action for all purposes except standing until resolution.

**7. What, if any, discovery disputes exist?**

Currently, no discovery disputes exist.

**8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The parties will address an agreement to limit inadvertent disclosures in a proposed Protective Order.

**9. Have the parties discussed mediation?**

No.

**10. Are there any pending motions, and if so, does either party desire a hearing?**

Yes. On October 12, 2026, defendant filed its Motion to Dismiss Under 12(b)(1) for Lack of Standing. Dkt. No. 16. Plaintiff's opposition brief is due on October 26, and defendant's reply brief is due on November 2.

Plaintiff will be filing a motion to seal Dkt. No. 16-54 on October 20, 2026. Defendant's opposition brief is due on November 3, and Plaintiff's reply brief is due on November 10.

The parties believe both motions would benefit from a hearing.

Defendant suggests that, for judicial efficiency, should the Court agree a hearing on either or both motions is appropriate, the Court should combine that hearing with the initial pretrial conference of this matter.

October 19, 2026

Respectfully Submitted,

By: /s/ James Travis Underwood
James Travis Underwood
Texas Bar No. 24102587
GILLIAM & SMITH, LLP
7232 Crosswater Avenue
Tyler, Texas, 75703
+1 (903) 934-8450
+1 (903) 934-9257 facsimile
travis@gillamsmithlaw.com

Matthew S. Warren
Erika H. Warren
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-245@cases.warrenllp.com

*Attorneys for Defendant*
*Viasat, Inc.*

Respectfully Submitted,

By: /s/David R. Bennett
David R. Bennett (Illinois Bar #6244214)
Steven G. Kalberg (Illinois Bar #6336131)
(*Admitted to the U.S. Dist. Ct. for the W.D. Texas*)
DIRECTION IP LAW
P.O. Box 11274
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com
skalberg@directionip.com

*Attorneys for Plaintiff*
*Pay As You Go, LLC*

**CERTIFICATE OF CONFERENCE**

I certify that on October 19, 2026, counsel for PAYG met and conferred with counsel for Viasat via email regarding the foregoing and the parties jointly file this report and proposed Scheduling Order.

*/s/David R. Bennett*
David R. Bennett

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

*/s/ David R. Bennett*
David R. Bennett