**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| PAY AS YOU GO, LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 7:26-cv-00245-DC |
| | § | |
| v. | § | |
| | § | |
| VIASAT, INC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT VIASAT, INC.'S OPPOSITION TO MOTION TO SEAL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . ii

INTRODUCTION . . . . . 1

BACKGROUND . . . . . 2

A. Plaintiff Voluntarily Disclosed Exhibit 53 Without Any Confidentiality Protection . . . . . 2

B. When Plaintiff Claimed Exhibit 53 Was Confidential Despite Its Voluntary Disclosure, Viasat Offered a Temporary Seal Pending Resolution of this Motion . . . . . 2

ARGUMENT . . . . . 3

I. Plaintiff's Voluntary and Unrestricted Disclosure of Exhibit 53 to Viasat, a Litigation Adversary, Destroyed Any Possible Claim of Confidentiality Over It . . . . . 3

II. Plaintiff Claims Viasat Should Have Violated Fifth Circuit and This Court's Law . . . . . 4

III. Plaintiff's Motion Asks the Court to Adopt a New System of One Way Contacts Applicable to Documents Bearing the Word "Confidential," Which Bears No Relation to Applicable Law, and Which Would Result in a Tangled Mess . . . . . 5

IV. Plaintiff's Remaining Arguments Cannot Restore the Confidentiality Of Exhibit 53 Following Plaintiff's Voluntary Disclosure of It . . . . . 6

CONCLUSION . . . . . 9

**TABLE OF AUTHORITIES**

*Cases* Page

*Binh Hoa Le v. Exeter Fin. Corp.*,
990 F.3d 410 (5th Cir. 2021) . . . . . 1, 4-5, 7

*BP Expl. & Prod., Inc. v. Claimant ID 100246928*,
920 F.3d 209 (5th Cir. 2019) . . . . . 5

*Cardwell v. Altec Indus., Inc.*,
No. 19-527, 2021 WL 6618652 (S.D. Miss. Mar. 15, 2021) . . . . . 7

*Corona v. Chevron Corp.*,
No. 07-3190, 2008 WL 11483069 (S.D. Tex. June 18, 2008) . . . . . 3

*Creel v. Humphreys Cnty., Miss.*,
No. 12-89, 2014 WL 583484 (N.D. Miss. Feb. 14, 2014) . . . . . 7

*Harrington v. Nat'l Outdoor Advert. Co.*,
355 Mo. 524 (1946) . . . . . 3

*Hodges, Grant & Kaufmann v. United States*,
768 F.2d 719 (5th Cir. 1985) . . . . . 3

*Holland v. Summit Autonomous, Inc.*,
No. 00-2313, 2001 WL 930879 (E.D. La. Aug. 14, 2001),
*aff'd sub nom.,* 2001 WL 1132030 (E.D. La. Sept. 21, 2001) . . . . . 7

*LEAP Sys., Inc. v. MoneyTrax*,
638 F.3d 216 (3d Cir. 2011) . . . . . 8

*Pansy v. Borough of Stroudsburg*,
23 F.3d 772 (3d Cir. 1994) . . . . . 7

*Ruckelshaus v. Monsanto Co.*,
467 U.S. 986 (1984) . . . . . 3

*T&W Holding Co., LLC v. City of Kemah*,
641 F. Supp. 3d 378 (S.D. Tex. 2022) . . . . . 3

*Other Authorities*

*Standing Order Regarding Filing Documents Under Seal And Redacted Public Versions*,
(W.D. Tex. Jan. 9, 2026) (Gilliland, J.) . . . . . 4

## INTRODUCTION

The facts of plaintiff's motion are simple. Plaintiff sent Viasat a document that was not confidential: Viasat was not under any agreement to keep it confidential, nor was it under any Court order to keep it confidential. Plaintiff's motion implicitly admits these key facts by failing to claim otherwise, and the Court needs no other facts to decide plaintiff's motion. Accepting these facts, plaintiff argues that, because plaintiff and its parent company used the word "Confidential" in a document, Viasat nevertheless should have treated it as confidential. That simply is not the law. Nor does plaintiff practice what it preaches: in support of plaintiff's motion seeking to seal a document because it included a confidentiality legend, plaintiff publicly filed as Exhibit A a *different* document containing the *same* confidentiality legend. Plaintiff does not explain why its legend imposes requirements on Viasat, but not plaintiff. Nor can it.

Those are not the only flaws in plaintiff's motion. Plaintiff argues that, even though parties use the word "Confidential" in non-confidential documents all the time, and even though adding the word "Confidential" did not and could not make the document confidential under governing law, Viasat *still* should have privately contacted plaintiff before filing its motion, so that the parties could unilaterally agree to seal the document. But such a unilateral agreement would have violated the law of the Fifth Circuit and of this Court. The Fifth Circuit found it improper when "parties decided unilaterally what judicial records to keep secret" even when a Court order allowed them to do so. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021). Plaintiff's motion rests on the claim that, despite *Binh Hoa Le* and in the absence of any agreement or Court order making its document confidential, Viasat should have facilitated a private agreement under which "the parties decided unilaterally what judicial records to keep secret," thus violating the law of the governing Court of Appeals. *Id.* Viasat instead followed

Fifth Circuit law, as it must, which barred Viasat from making the unilateral agreement plaintiff's motion contemplates. And Viasat followed the standing order of this Court, which requires that "Exhibits that are nonconfidential in their entirety should not be filed under seal at all." Plaintiff evidently does not like the result required by these laws, but that is the result they require. The Court should therefore deny plaintiff's motion to seal Exhibit 53.

## BACKGROUND

### A. Plaintiff Voluntarily Disclosed Exhibit 53 Without Any Confidentiality Protection

As part of settlement discussions, plaintiff sent Viasat a proposed agreement, Exhibit 53. *See* Docket No. 16-54. Although settlement discussions are commonly subject to non-disclosure agreements, plaintiff did not request and the parties did not execute such an agreement covering Exhibit 53 or the parties' discussion of it. *See id.* To the contrary, plaintiff's cover email transmitting Exhibit 53 confirmed that it transmitted a "draft agreement," and plaintiff included in that draft agreement a provision that would require the confidentiality of the agreement—if, and only if, the parties executed the agreement and it was no longer a draft. *Id.* at 1; *see id.* § 8.8. Exhibit 53 itself confirms that plaintiff thus voluntarily transmitted Exhibit 53 to Viasat, a litigation adversary, without any protection over its confidentiality.

### B. When Plaintiff Claimed Exhibit 53 Was Confidential Despite Its Voluntary Disclosure, Viasat Offered a Temporary Seal Pending Resolution of This Motion

On October 12, Viasat filed its motion to dismiss. *See* Docket No. 16. On October 13, plaintiff informed Viasat that it believed Exhibit 53 was confidential. *See* Mot. Ex. C. Viasat met and conferred with plaintiff later that day. *See id.* At the opening of the call, Viasat informed plaintiff that, although plaintiff had voluntarily disclosed Exhibit 53 and thus it could not be confidential, Viasat would not oppose temporary sealing of the document pending resolution of

plaintiff's motion to seal on a permanent basis. (Plaintiff states in its motion that Viasat "eventually" made this proposal, Mot. at 4, but that is not so: Viasat made this proposal at the outset of the parties' telephone call.) Plaintiff and Viasat agreed on a stipulation effecting Viasat's proposal and filed it. Docket No. 19. Plaintiff then filed its motion to seal permanently.

## ARGUMENT

### I. Plaintiff's Voluntary and Unrestricted Disclosure of Exhibit 53 to Viasat, a Litigation Adversary, Destroyed Any Possible Claim of Confidentiality Over It

Plaintiff transmitted Exhibit 53 to Viasat voluntarily and without restriction, subject to no confidentiality agreement and under no Court order. *See supra* § A. Whether or not Exhibit 53 was somehow confidential before plaintiff transmitted it to Viasat, because a "party does not intend a communication to remain confidential if he/she voluntarily discloses it to a third party with whom he/she lacks a common legal interest," plaintiff's voluntary and unrestricted disclosure of Exhibit 53 to its litigation adversary Viasat extinguished any claim of confidentiality over it. *T&W Holding Co., LLC v. City of Kemah*, 641 F. Supp. 3d 378, 381 (S.D. Tex. 2022) (quoting *Corona v. Chevron Corp.*, No. 07-3190, 2008 WL 11483069, at *2 (S.D. Tex. June 18, 2008)); *see, e.g.*, *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984) ("If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished.") (citing *Harrington v. Nat'l Outdoor Advert. Co.*, 355 Mo. 524, 532 (1946)); *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985) ("Because the privilege protects only confidential communications, the presence of a third person while such communications are made or the disclosure of an otherwise privileged communication to a third person eliminates the intent for confidentiality on which the privilege rests.").

Plaintiff does not argue otherwise, instead acknowledging that neither an agreement nor a Court order protected Exhibit 53. Plaintiff notes that, in preparation for a meet-and-confer call, plaintiff sent Viasat a copy of what plaintiff called "the Court's Standing Order Regarding Filing Documents Under Seal and Redacted Public Version" (Mot. at 3, *see id.* Ex. C), but, as Viasat explained to plaintiff during the ensuing call, this Court did not receive this case and thus its standing orders could not apply until after plaintiff voluntarily disclosed Exhibit 53—and, more importantly, the order plaintiff referenced is not a current standing order of this Court, and has not been since before plaintiff voluntarily disclosed Exhibit 53. *See* https://www.txwd.uscourts.gov/team/derek-gilliland/. The Court's current Standing Order Regarding Filing Documents Under Seal and Redacted Public Versions, in force when Viasat filed its motion, requires that "Exhibits that are nonconfidential in their entirety should not be filed under seal at all." *Standing Order Regarding Filing Documents Under Seal And Redacted Public Versions*, (W.D. Tex. Jan. 9, 2026) (Gilliland, J.). Viasat followed this order, and plaintiff's motion does not claim that any agreement or any Court order protected Exhibit 53 following plaintiff's voluntary disclosure of it.

## II. Plaintiff Claims Viasat Should Have Violated Fifth Circuit and This Court's Law

Instead of claiming that an agreement or Court order protected Exhibit 53, plaintiff argues that Viasat should have violated Fifth Circuit law, as well as the law of this Court, by making a private and secret agreement with plaintiff to keep a non-confidential document sealed from the public. But the Court of Appeals specifically prohibits parties from doing exactly that. In *Binh Hoa Le*, the Fifth Circuit confronted "an agreed protective order" which "authoriz[ed] the sealing, in perpetuity, of any documents that the parties *themselves* labeled confidential." 990 F.3d at 417 (emphasis in original). Under this order, the Court noted, "the parties decided

unilaterally what judicial records to keep secret, and their decision was permanent; once sealed, the records would stay that way." *Id.* at 420. The Court found improper this "nigh-boundless discretion to label things confidential" and thus keep them secret. *Id.* Similarly, in *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, the Court of Appeals found that "confidentiality agreements entered into by private parties" cannot bind courts, and "should not" do so because "[i]t is the *public* that has the right of access, so private litigants should not be able to contract that right away." 920 F.3d 209, 211 (5th Cir. 2019) (emphasis in original).

Plaintiff's motion claims that Viasat should have done exactly what the Fifth Circuit forbade in *Binh Hoa Le* and *BP*—except worse, because the parties in those cases proceeded under district court protective orders that allowed them to make such agreements, while the parties in this action proceed under this Court's order requiring that "Exhibits that are nonconfidential in their entirety should not be filed under seal at all." *Supra*. Plaintiff's motion accepts that no law or agreement rendered Exhibit 53 confidential, *supra* § I, but then argues that Viasat should have violated this Court's standing order and the Fifth Circuit's command in *Binh Hoa Le* and *BP* by privately agreeing to seal it anyway. To state this claim is to refute it. Instead, Viasat followed this Court's standing order and the Fifth Circuit's law to file Exhibit 53.

## III. Plaintiff's Motion Asks the Court to Adopt a New System of One-Way Contracts Applicable to Documents Bearing the Word "Confidential," Which Bears No Relation to Applicable Law, and Which Would Result in a Tangled Mess

Plaintiff's motion claims that Viasat acted improperly by "publicly fil[ing] the email communication marked 'CONFIDENTIAL FRE 408 SETTLEMENT COMMUNICATION.'" Mot. at 3. But plaintiff itself publicly filed, as Exhibit A to the declaration supporting its motion to seal, an email containing precisely the same words. Docket No. 22-2. Plaintiff's motion thus argues for a system in which, by attaching the word "Confidential" to a document that is not

otherwise confidential under applicable law, the sender of that document not only gains an absolute veto to the public filing of that document by anyone else including its recipients, but also retains absolute discretion to file the same document publicly should it choose to do so. Plaintiff's motion does not explain what rights the recipient of such a document has—apparently, none—or how this alternate legal and contractual universe would handle a situation in which two parties both use the word "Confidential" in emails back and forth. Do both parties retain the absolute veto, or do both parties retain absolute discretion? How can adding the word "Confidential" be an exception to the usual contractual requirements of offer and acceptance? How can the parties' use of the word "Confidential" override Fifth Circuit law or the standing order of this Court? Plaintiff does not say, and cannot. Nor can plaintiff overturn centuries of contract law by using the word "Confidential." Under the law applicable in this Court, *supra* § I, Exhibit 53 was not confidential, Viasat was under no obligation to treat it as such and so, in the absence of valid confidentiality protections, the law required Viasat to file it publicly. Viasat rightly did so.

## IV. Plaintiff's Remaining Arguments Cannot Restore the Confidentiality Of Exhibit 53 Following Plaintiff's Voluntary Disclosure of It

Plaintiff's remaining arguments cannot overcome the law confirming that plaintiff's voluntary disclosure of Exhibit 53 removed any claim of confidentiality, and thus that the law required Viasat to file the document publicly. Plaintiff first claims that "Exhibit 53 does not support Viasat's standing argument and instead contradicts it." Mot. at 4. Plaintiff argues in support of this claim at some length, confirming its view that Exhibit 53 is relevant to Viasat's motion. *See id.* at 4-7. Plaintiff then claims that Viasat filed Exhibit 53 "for the purpose of harassing PAYG, PAM, and Mr. Rothschild," *id.* at 8, a claim that cannot survive plaintiff's own

confirmation that Exhibit 53 is relevant to Viasat's motion. *See id.* at 4-7. In short, plaintiff and Viasat disagree over the effect that Exhibit 53 has on Viasat's motion, but agree that Exhibit 53 is relevant to the Court's consideration of that motion. Plaintiff and Viasat thus agree that Exhibit 53 is a "judicial record" underlying any eventual resolution of that motion, *Binh Hoa Le*, 990 F.3d at 418, the opposite of a document filed only for harassment.

Plaintiff next claims that the Court should seal Exhibit 53 because it is a draft settlement agreement. *See* Mot. at 9-10. But plaintiff cites only cases that sealed completed settlement agreements, which included executed confidentiality agreements—that is, documents subject to a confidentiality obligation in the first place. *See* Mot. at 9 (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 792 (3d Cir. 1994) (reversing and remanding for further consideration of district court's order granting confidentiality to settlement agreement); *Cardwell v. Altec Indus., Inc.*, No. 19-527, 2021 WL 6618652, at *2 (S.D. Miss. Mar. 15, 2021) ("The parties have entered into an agreement preventing them from disclosing that information and desire to uphold the governing confidentiality term."); *Creel v. Humphreys Cnty., Miss.*, No. 12-89, 2014 WL 583484, at *3 (N.D. Miss. Feb. 14, 2014) (the parties signed a "confidential Release of Claims and Settlement Agreement")).[1] Plaintiff thus states the obvious: had Exhibit 53 been subject to a confidentiality obligation, the law of the Fifth Circuit and of this Court would have required its filing under seal. *Supra* § I. Because Exhibit 53 was subject to no confidentiality obligation, however, the same law required and requires it to appear publicly. *See id.*

[1] Plaintiff's final case concerns a district court's reinterpretation of its own protective order governing confidentiality in its action, which has no bearing here. *Holland v. Summit Autonomous, Inc.*, No. 00-2313, 2001 WL 930879, at *5 (E.D. La. Aug. 14, 2001), *aff'd sub nom.*, *Holland v. Summit Tech., Inc.*, 2001 WL 1132030 (E.D. La. Sept. 21, 2001).

Unable to show a confidentiality obligation, plaintiff tries to invent an exception to the normal rules of contract and confidentiality applicable to draft settlement agreements. *See* Mot. at 10. Plaintiff cites a single case for this new exception, *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216 (3d Cir. 2011), but this case confirms that Exhibit 53 was never confidential. *LEAP* held that "[t]he generalized interest in encouraging settlements does not rise to the level of interests that we have recognized may outweigh the public's common law right of access," thus overruling the exception plaintiff urges here, but relied on "assurances of confidentiality" provided by the district court regarding an oral settlement agreement to maintain its confidentiality. *LEAP*, 638 F.3d 216, 222. *LEAP* thus confirms that there is no exception to the normal rules of contract and confidentiality applicable to draft settlement agreements, and simply states that a district court's orders mean what they say. The order applicable to this action states and stated that "[e]xhibits that are nonconfidential in their entirety should not be filed under seal at all." *Supra* § I. Plaintiff does not wish to follow this order, but it must.

Last and least, plaintiff claims that it "would not have disclosed the information" had it known it would become public. Mot. at 10. Plaintiff provides no declaration to support this claim, nor could it. Plaintiff is a sophisticated litigant that has filed ten actions since 2023, including this one; its sister companies have filed hundreds more. Exercising that sophistication, plaintiff made the unforced and voluntary decision to disclose Exhibit 53 without any confidentiality protection. Only plaintiff knows its reasons for this voluntary disclosure, but its reasons do not matter. Under the law of the Fifth Circuit and this Court, plaintiff's voluntary disclosure required the public filing of Exhibit 53, and requires the denial of plaintiff's motion.

## **CONCLUSION**

For the foregoing reasons, Viasat respectfully requests that the Court deny plaintiff's motion to seal Exhibit 53.

Date: October 27, 2026

Respectfully submitted,

*/s/ James Travis Underwood*
James Travis Underwood
Texas Bar No. 24102587
GILLIAM & SMITH, LLP
7232 Crosswater Avenue
Tyler, Texas, 75703
+1 (903) 934-8450
+1 (903) 934-9257 facsimile
travis@gillamsmithlaw.com

Matthew S. Warren
Erika H. Warren
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-245@cases.warrenllp.com

*Attorneys for Defendant Viasat, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2026, I caused the foregoing Opposition to Motion to Seal to be served on all counsel of record through the Court's electronic filing system.

*/s/ James Travis Underwood*
James Travis Underwood