**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **PAY AS YOU GO, LLC,**<br><br>Plaintiff,<br>v.<br><br>**VIASAT, INC.,**<br><br>Defendant. | C.A. No. 7:26-cv-00245-DC-DTG<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

**PLAINTIFF PAY AS YOU GO, LLC'S REPLY TO ITS OPPOSED MOTION TO SEAL CONFIDENTIAL FRE 408 SETTLEMENT COMMUNICATIONS IN EXHIBIT 53 TO DEFENDANT VIASAT, INC.'S RULE 12(b)(1) MOTION TO DISMISS**

# TABLE OF CONTENTS

TABLE OF CONTENTS .......... i

TABLE OF AUTHORITIES .......... ii

I. The Absence of a Confidentiality Agreement Does Not Resolve Whether Exhibit 53 Should Remain Sealed .......... 1

II. Regardless of When Judge Gilliland Was Assigned to the Case, Judge Counts' Standing Order on Filing Under Seal Is Dated *Before* PAYG Disclosed Exhibit 53 .......... 3

III. Viasat Fails to Refute that Exhibit 53 Is Irrelevant to the Motion to Dismiss .......... 4

IV. Exhibit 53 Should Remain Sealed or, at a Minimum, the Confidential Terms Should be Redacted .......... 5

CONCLUSION .......... 5

# TABLE OF AUTHORITIES

**Cases**

*Binh Hoa Le v. Exeter Fin. Corp.*,
990 F.3d 410 (5th Cir. 2021) .......... 1, 2, 4, 5

*BP Expl. & Prod., Inc. v. Claimant ID 100246928*,
920 F.3d 209 (5th Cir. 2019) .......... 2

*June Medical Services, L.L.C. v. Phillips,*
22 F.4th 512 (5th Cir. 2022) .......... 2

Viasat's opposition does not address the three issues that control PAYG's motion. First, the absence of a nondisclosure agreement does not resolve whether confidential settlement information should remain publicly accessible as a judicial record. Viasat argues that "the law required Viasat to file [Exhibit 53] publicly" because Viasat decided that, despite the confidentiality markings, Exhibit 53 was not confidential. (Dkt. 32 at 6, *see also id.* at 7, 8). However, Viasat acted contrary to the holding in *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410 (5th Cir. 2021). In *Binh Hoa Le*, the Fifth Circuit held that it is the ***Court's*** duty, not a party's unilateral decision, to determine what is confidential. 990 F.3d at 417, 420. Rather than unilaterally filing Exhibit 53 publicly, *Binh Hoa Le* required Viasat to leave that decision to the Court.

Second, the Court's Standing Order on Filing Under Seal required provisional sealing of information that any party deemed confidential, while reserving the ultimate sealing determination for the Court. Viasat argues that the Court's Standing Order on Sealing Documents is not applicable because Judge Gilliland was not assigned the case when PAYG sent Exhibit 53. However, Judge Counts' order on sealing (Dkt. 10) is dated ***before*** PAYG sent Exhibit 53.

Third, Viasat does not refute that Exhibit 53 fails to materially support its motion to dismiss, leaving little public interest in disclosure of its proposed settlement terms.

## I. The Absence of a Confidentiality Agreement Does Not Resolve Whether Exhibit 53 Should Remain Sealed

Viasat devotes much of its opposition to arguing that PAYG "destroyed" confidentiality by providing Exhibit 53 to Viasat without first obtaining an NDA or protective order. (Dkt. 32 at 3-4). But whether Viasat was contractually prohibited from disclosing Exhibit 53 is different from whether the Court should maintain confidential settlement information under seal. Regardless of the parties' view as to whether a document is confidential, the Court, not the parties, must balance

competing interests concerning access to judicial records. *Binh Hoa Le*, 990 F.3d at 419.[1]

Viasat's authorities do not establish otherwise. (Dkt. 32 at 3-4). Viasat's cases concern privilege, trade-secret protection, or comparable rights allegedly lost through third-party disclosure. In contrast, Viasat is an opposing party in litigation with a common interest in settlement, not a third party, and Exhibit 53 is entirely directed at trying to settle the case ***with Viasat***. Viasat's cases do not hold that disclosure of confidential FRE 408 settlement information to an opposing party in active litigation eliminates the Court's authority to protect that information from public dissemination through its docket.

Furthermore, PAYG does not contend that placing "CONFIDENTIAL" on a document automatically requires sealing. However, the markings are relevant because they demonstrate the circumstances under which Exhibit 53 was transmitted and PAYG's contemporaneous treatment of the information as nonpublic. For the same reason, PAYG's public filing of a different email bearing a similar confidentiality designation but not confidential information (Dkt. 22 at Ex. A)[2] does not waive confidentiality over the substantive information contained in Exhibit 53. PAYG seeks protection for the proposed settlement amounts, licensing terms, and related confidential business information, not for the words appearing in the confidentiality legend. This action is consistent with *June Medical Services, L.L.C. v. Phillips* in which the Fifth Circuit remanded the sealing order because the district court did not analyze sealing information on a document-by-document basis. 22 F.4th 512, 519–22 (5th Cir. 2022).

---

[1] *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209 (5th Cir. 2019), involved the Fifth Circuit denying the defendant's request to seal the courtroom at oral argument to prevent the defendant's identity from being known. This case has no relevance to the issue here.
[2] Ex. A reveals only that settlement negotiations are ongoing, but no confidential information.

## II. Regardless of When Judge Gilliland Was Assigned to the Case, Judge Counts' Standing Order on Filing Under Seal Is Dated *Before* PAYG Disclosed Exhibit 53

Viasat's timing argument as to when a sealing order applied in this case is inconsistent with the docket. Viasat claims that "this Court [Judge Gilliland] did not receive this case and thus its standing orders could not apply until after plaintiff voluntarily disclosed Exhibit 53" on August 26, 2026. (Dkt. 32 at 4). However, Judge Counts' Standing Order Regarding Filing Documents Under Seal and Redacted Public Versions on the docket is dated ***August 24—two days before*** PAYG sent the email and draft settlement agreement in Exhibit 53. (Dkt. 10). Judge Counts' Order directs the parties to redact "information that ***any*** party deems confidential." (*Id.*) (emphasis added). PAYG designated both documents in Exhibit 53 confidential after Judge Counts' Order was signed. Thus, Judge Counts' Order applied when PAYG transmitted the documents and required Viasat to provide notice to PAYG and file Exhibit 53 under seal.[3]

Viasat then argues that it was required to publicly file Exhibit 53 because the Court's order on sealing states that "Exhibits that are nonconfidential in their entirety should not be filed under seal at all." Viasat's interpretation turns the Standing Order on its head. If a party that disputes another party's confidentiality designation must publicly disclose the information rather than provisionally file it under seal, the confidential information becomes public before the Court can determine whether disclosure is appropriate. The Standing Order avoids that result while expressly preserving the filing party's right to contest confidentiality. The Standing Order also requires coordination between the parties when dealing with information that at least one party deems confidential. However, Viasat intentionally chose to file Exhibit 53 without prior notice to PAYG.

[3] PAYG disputes Viasat's claim that it offered to stipulate to temporarily sealing Exhibit 53 "at the outset" of the meet-and-confer. Regardless, Viasat refused to respond to PAYG's morning email requesting that Exhibit 53 be sealed and waited until the afternoon to make its proposal.

Viasat implies that the Court's Order on Filing Under Seal violates *Binh Hoa Le* by granting leave for parties to file under seal. However, the Order complies with *Binh Hoa Le* because it takes the discretion away from the parties and leaves the Court with the duty to decide if information should remain sealed. Viasat recognizes that the "Fifth Circuit found it improper when 'parties decided unilaterally what judicial records to keep secret'…." (Dkt. 32 at 1 (*citing Binh Hoa Le*, 990 F.3d at 420)). Yet Viasat did exactly that: Viasat unilaterally decided that Exhibit 53 was not confidential and publicly filed it, thereby usurping the Court's duty.

Viasat could have complied with the Court's Order by filing Exhibit 53 under seal, preserving its objections, and allowing the parties and the Court to determine appropriate redactions. Instead, Viasat intentionally filed it publicly without first notifying PAYG.

**III. Viasat Fails to Refute that Exhibit 53 Is Irrelevant to the Motion to Dismiss**

PAYG's motion explained in detail why Exhibit 53 is irrelevant to Viasat's motion to dismiss. Viasat never refutes that Exhibit 53 is irrelevant nor attempts to refute its harassing purpose. Instead, Viasat argues that PAYG concedes Exhibit 53 is relevant because PAYG explained why the document contradicts Viasat's standing theory. (Dkt. 32 at 6-7). That is circular. Once Viasat relied on the exhibit, PAYG necessarily had to explain why it does not support Viasat's standing theory. Responding to an opponent's evidence is not a concession that the evidence materially assists the Court in resolving the motion.

Viasat then argues that PAYG cited cases involving completed settlement agreements with executed confidentiality agreements rather than a draft agreement, so the cases are irrelevant. (Dkt. 32 at 7). However, those cases are relevant because, despite the confidentiality provisions, the courts still had to balance whether to maintain the documents under seal. One factor the courts considered was whether the case involves private litigants and concerns matters of little legitimate public interest. (Dkt. 22 at 9). Viasat does not dispute that this case involves private litigants and

matters of little legitimate public interest. The unaccepted draft agreement neither transfers patent rights nor alters PAYG's existing exclusionary interests or standing. The unaccepted draft agreement has no legal effect and therefore implicates no legitimate public interest.

Viasat's final argument is that PAYG "provides no declaration to support" that PAYG "would not have disclosed the information" had it known it would be publicly disclosed. (Dkt. 32 at 8). The lack of a declaration is a red herring. The record already reflects PAYG's contemporaneous treatment of the material as confidential, including the confidentiality designations applied when the documents were transmitted. If the Court requires additional evidentiary support concerning those circumstances, PAYG can provide a declaration from PAYG and counsel with personal knowledge.

## IV. Exhibit 53 Should Remain Sealed or, at a Minimum, the Confidential Terms Should be Redacted

Viasat's insistence on disclosing Exhibit 53 in full reinforces PAYG's contention that Viasat's purpose is harassment. Contrary to Viasat's insistence that it complied with *Binh Hoa Le, Binh Hoa Le* requires the Court to balance the public's common-law right of access against the interests favoring nondisclosure on a "document-by-document," "line-by-line" basis—not order wholesale disclosure as Viasat demands. 990 F.3d at 419. If Exhibit 53 is to be unsealed, at a minimum, the Court should redact the proposed payment amounts, licensing, release, and covenant not to sue terms, and other nonpublic business terms while leaving publicly available any portion of Exhibit 53 that the Court determines materially bears on the jurisdictional issue.

## CONCLUSION

PAYG therefore respectfully requests that the Court grant the Opposed Motion to Seal Exhibit 53 or, at a minimum, redact the proposed payment amounts, licensing, release, and covenant not to sue terms, and other nonpublic business terms.

November 3, 2026

Respectfully submitted,

By: */s/David R. Bennett*

David R. Bennett (IL Bar No.: 6244214)
Steven G. Kalberg (IL Bar No.: 6336131)
DIRECTION IP LAW
P.O. Box 14184
Chicago, Illinois 60614-0184
Telephone: (312) 291-1667
dbennett@directionip.com
skalberg@directionip.com

*Counsel for Plaintiff*
*Pay As You Go, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2026, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

*/s/ David R. Bennett*
David R. Bennett