**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| PAY AS YOU GO, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 7:26-cv-00245-DC |
| | § | |
| VIASAT, INC, | § | |
| | § | |
| Defendant. | § | |

**MOTION UNDER FED. R. CIV. P. 12(b)(6) FOR PARTIAL DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT BY DEFENDANT VIASAT, INC.**

# TABLE OF CONTENTS


TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

A. Pay As You Go's Original Complaint and Viasat's Motion to Dismiss. . . . . . . . . . . . . . . .1

B. Pay As You Go's Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I. Plaintiff's Fraud Claims are Barred by Judicial-Proceedings Privilege . . . . . . . . . . . . . . . 3

II. Plaintiff Fails to State Claims of Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A. Plaintiff Fails to Allege Common Law Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

1. Plaintiff Fails to Allege a Material Misrepresentation . . . . . . . . . . . . . . . . 6

2. Plaintiff Fails to Allege Falsity or Knowledge of Falsity . . . . . . . . . . . . . 8

3. Plaintiff Fails to Allege Reliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

4. Plaintiff Fails to Allege an Injury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

B. Plaintiff Fails to Allege Fraud by Nondisclosure . . . . . . . . . . . . . . . . . . . . . . . . 11

1. Plaintiff Fails to Allege Viasat Had a Duty to Disclose Facts and Deliberately Failed to Do So . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

2. The Remaining Elements of Fraud by Nondisclosure Fail for the Same Reasons as Common Law Fraud . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

III. The Court Should Deny Leave to Amend . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

*Cases* *Page*

*Artesia Springs, LLC v. DS Waters of Am., Inc.*,
No. 14-791, 2015 WL 12712643 (W.D. Tex. Jan. 13, 2015),
*R. & R. adopted*, 2015 WL 12712644 (W.D. Tex. Jan. 31, 2015) . . . . . . . . . . . . . . . . . . . . . 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Bird v. W.C.W.*,
868 S.W.2d 767 (Tex. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*C & C Partners v. Sun Expl. & Prod. Co.*,
783 S.W.2d 707 (Tex. App. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cantillo v. Cantillo*,
627 S.W.3d 367 (Tex. App. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

*City of Clinton, Ark. v. Pilgrim's Pride Corp.*,
632 F.3d 148 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*,
88 F.3d 347 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Coffel v. Stryker Corp.*,
284 F.3d 625 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Collingwood USA, Inc. v. Morgan Stanley & Co., LLC*,
No. 05-24-00629, 2026 WL 978579 (Tex. App. Apr. 10, 2026) . . . . . . . . . . . . . . . . . . . . . . 8

*Collins v. Easynews, Inc.*,
No. 06-451, 2008 WL 11406004 (W.D. Tex. Feb. 20, 2008) . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Crain v. Unauthorized Prac. of L. Comm. of Supreme Ct. of Texas*,
11 S.W.3d 328 (Tex. App. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Denton v. Hernandez*,
504 U.S. 25 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*EC & SM Guerra, LLC v. Philadelphia Indem. Ins. Co.*
No. 20-660, 2020 WL 6205855 (W.D. Tex. Oct. 21, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . 6

*F.D.I.C. v. Patel*,
46 F.3d 482 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
565 F.3d 200 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**TABLE OF AUTHORITIES**
*(continued)*

*Cases* — *Page*

*Fringe Benefit Grp. Inc. v. FCE Benefit Adm'rs, Inc.*,
No. 18-369, 2018 WL 6728486 (W.D. Tex. Dec. 21, 2018),
*R. & R. adopted,* 2019 WL 2563833 (W.D. Tex. Mar. 19, 2019) . . . . . . . . . . . . . . . . . . 3, 4, 5

*Griffin v. Pepsico, Inc.*,
No. 26-160, 2026 WL 2450278 (W.D. Tex. July 20, 2026),
*R. & R. adopted*, 2026 WL 2447960 (W.D. Tex. Aug. 19, 2026) . . . . . . . . . . . . . . . . . . 11, 12

*Harris Cnty. Texas v. MERSCORP Inc.*,
791 F.3d 545 (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Horton v. WanaBana Austrofood Cit. Ltda*,
No. 24-221, 2025 WL 2492969 (W.D. Tex. Apr. 8, 2025)
*R. & R. adopted*, 2025 WL 2940724 (W.D. Tex. Oct. 16, 2025) . . . . . . . . . . . . . . . . . . . . 9, 10

*Infinite Roofing GC, LLC v. Powers*,
No. 05-25-01531-CV, 2026 WL 3323180 (Tex. App. Nov. 3, 2026) . . . . . . . . . . . . . . . . . . . 8

*Ireland v. Simmons*,
No. 25-162, 2025 WL 3776816 (W.D. Tex. Dec. 31, 2025) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Jackson v. Speer*,
974 F.2d 676 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*James v. Brown*,
637 S.W.2d 914 (Tex. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jeffcoat v. Phillips*,
534 S.W.2d 168 (Tex. Civ. App. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Landry's Inc. v. Animal Legal Def. Fund*,
631 S.W.3d 40 (Tex. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

*Lopez v. State Farm Lloyds*,
780 F. Supp. 3d 663 (W.D. Tex. 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*Moore & Moore Drilling Co. v. White*,
345 S.W.2d 550 (Tex. Civ. App. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*My Bucket J., LLC v. Nagy*,
No. 21-1125, 2022 WL 17813790 (W.D. Tex. Nov. 9, 2022) . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

*Myers v. CitiMortgage*,
No. 12-28, 2013 WL 12113408 (E.D. Tex. Jan. 16, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**
*(continued)*

*Cases* — *Page*

*Navarro v. Texas*,
No. 25-194, 2026 WL 194900 (W.D. Tex. Jan. 15, 2026) . . . . . 5, 13-14

*Nucor Corp. v. Requenez*,
No. 20-345, 2021 WL 2351042 (S.D. Tex. June 9, 2021) . . . . . 9

*Pasture Renovators, L.L.C. v. Lawson Cattle & Equip., Inc.*,
480 F. Supp. 2d 890 (W.D. Tex. 2006) . . . . . 9, 10, 11

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
688 F.3d 214 (5th Cir. 2012) . . . . . 13

*P.M.I. Servs. N. Am., Inc. v. Enduro Pipeline Servs., Inc.*,
No. 16-442, 2018 WL 8131232 (W.D. Tex. May 18, 2018) . . . . . 8

*Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*,
896 S.W.2d 156 (Tex. 1995) . . . . . 8

*Royalty Clearinghouse, Ltd. v. CTS Props., Ltd.*,
No. 16-1342, 2018 WL 5733176 (W.D. Tex. Aug. 24, 2018) . . . . . 3

*Russell v. Clark*,
620 S.W.2d 865 (Tex. Civ. App. 1981) . . . . . 3

*SED Holdings, LLC v. 3 Star Props., LLC*,
No. 17-1655, 2018 WL 11429880 (S.D. Tex. Dec. 17, 2018) . . . . . 11

*Setliff v. Zoccam Techs., Inc.*,
No. 21-2025, 2022 WL 4240893 (N.D. Tex. Sept. 13, 2022) . . . . . 12

*Shafran v. Avital*,
No. 15-140, 2015 WL 5457059 (S.D. Tex. Sept. 17, 2015) . . . . . 10

*Shell Oil Co. v. Writt*,
464 S.W.3d 650 (Tex. 2015) . . . . . 3

*Stripling v. Jordan Prod. Co., LLC*,
234 F.3d 863 (5th Cir. 2000) . . . . . 13

*Tornado BUS Co. v. BUS & Coach Am. Corp.*,
No. 14-3231, 2015 WL 11120584 (N.D. Tex. Dec. 15, 2015) . . . . . 13

*Trevino v. Bank of New York Mellon*,
No. 12-1077, 2013 WL 12120979 (W.D. Tex. June 13, 2013) . . . . . 6, 7, 8, 9, 10

**TABLE OF AUTHORITIES**
*(continued)*

*Cases* — *Page*

*United States v. Valencia*,
No. 17-882, 2024 WL 5301786 (W.D. Tex. Oct. 7, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Walters v. J.D. Palatine, L.L.C.*,
No. 15-850, 2017 WL 79978 (W.D. Tex. Jan. 9, 2017),
*R. & R. adopted*, 2017 WL 11002241 (W.D. Tex. Feb. 8, 2017). . . . . . . . . . . . . . . . . . . . 6, 12

*White v. BAC Home Loans Servicing, LP*,
No. 09-2484, 2010 WL 4352711 (N.D. Tex. Nov. 2, 2010) . . . . . . . . . . . . . . . . . . . . . . . . 13

*Wiggins v. Poyner Spruill L.L.P.*,
No. 24-20011, 2024 WL 4212894 (5th Cir. Sept. 17, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Williams v. Short*,
No. 23-1069, 2023 WL 8248778 (W.D. Tex. Oct. 3, 2023),
*R. & R. adopted*, 2023 WL 8242476 (W.D. Tex. Nov. 28, 2023). . . . . . . . . . . . . . . . . . . . . 14

*Williams v. WMX Techs., Inc.*,
112 F.3d 175 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Other Authorities*

Federal Rule of Civil Procedure 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

Federal Rule of Civil Procedure 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Federal Rule of Civil Procedure 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5

## INTRODUCTION

Plaintiff's first amended complaint adds unmeritorious claims of common law fraud to this patent infringement case, in a transparent attempt to distract the Court from Viasat's meritorious, and still pending, motion to dismiss for lack of standing. The Court should quickly dismiss plaintiff's fraud claims without leave to amend.

Plaintiff's amended complaint alleges that Viasat committed fraud by engaging in settlement discussions with Plaintiff, and then filed a motion to dismiss including a public version of a draft agreement it had never agreed to keep confidential. There are two problems with these claims, both fatal. First, plaintiff's fraud theories depend entirely on communications between the parties to this action, about this action, including the potential settlement of it. The Texas judicial proceedings privilege flatly bars claims based on litigation conduct, thus preventing precisely the kind of litigation about litigation that plaintiff attempts here. The Court can and should dismiss these claims under the litigation privilege alone. Second and separately, plaintiff's fraud claims fail to state any of the elements of fraud. Plaintiff cobbles together allegations based on ordinary settlement negotiations, and claims unspecified damages from Viasat's public filing of Exhibit 53—the same Exhibit 53 that is already the subject of a motion before this Court. Plaintiff's claims do not meet the exacting standard of Rule 9(b); they do not come close. For both these reasons, the Court should dismiss plaintiff's second and third causes of action.

## BACKGROUND

### A. Pay As You Go's Original Complaint and Viasat's Motion to Dismiss

On June 29, 2026, Plaintiff Pay As You Go, LLC filed its original complaint against Viasat alleging infringement of U.S. Patent No. 7,013,127. Docket No. 1. On October 12, Viasat

filed a motion under Fed. R. Civ. P. 12(b)(1) to dismiss plaintiff's claims of patent infringement for lack of standing. Docket No. 16. That motion remains pending; by agreement, plaintiff has until November 12 to respond to it. *See* Docket No. 27.

**B. Pay As You Go's Amended Complaint**

On October 26, plaintiff filed an unopposed motion for leave to amend its complaint; on October 27, the Court granted this motion and docketed the amended complaint. Docket Nos. 28, 30, 31. Plaintiff amended its complaint in two distinct ways. First, it added paragraphs regarding its claim of ownership of the patent. FAC ¶¶ 10-26. Plaintiff will presumably cite these paragraphs in opposing Viasat's standing motion under Rule 12(b)(1); if so, Viasat will respond in its reply.

Second and separately, plaintiff added two additional causes of action under Texas common law: fraud by nondisclosure and common law fraud. FAC ¶¶ 70-96. In these paragraphs, plaintiff alleges damages arising from the parties' attempts to settle this lawsuit. Plaintiff alleges that, "[a]fter the Original Complaint was filed in this case, on July 3, 2026," Viasat "reached out to PAYG requesting settlement discussions for this case." FAC ¶ 72. Plaintiff further alleges that "PAYG and Viasat engaged in settlement negotiations beginning July 8, 2026," *id.* ¶ 73, which did not resolve the case. *See id.* ¶ 76. Plaintiff then claims that Viasat's public filing of Exhibit 53—the same Exhibit 53 that is already the subject of a motion in this case—caused plaintiff damages based on "disclosure of sensitive settlement positions, strategic litigation harm, [and] reputational injury." FAC ¶ 95; *see id.* ¶ 96; see Docket Nos. 24, 32, 33. In this motion, Viasat seeks dismissal of these claims under Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### I. Plaintiff's Fraud Claims are Barred by Judicial-Proceedings Privilege

"The judicial-proceedings privilege is an absolute privilege that covers 'any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case.'" *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 46 (Tex. 2021) (quoting *James v. Brown*, 637 S.W.2d 914, 916-917 (Tex. 1982)). "The privilege facilitates the proper administration of justice by promoting 'full and free disclosure of information . . . by participants in judicial proceedings.'" *Landry's*, 631 S.W.3d at 46 (alteration in original) (*quoting Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015)). "The judicial privilege applies to bar claims that are based on communications related to a judicial proceeding that seek defamation-type damages in name or in substance, i.e., damages for reputational harm." *My Bucket J., LLC v. Nagy*, No. 21-1125, 2022 WL 17813790, at *2 (W.D. Tex. Nov. 9, 2022) (quoting *Royalty Clearinghouse, Ltd. v. CTS Props., Ltd.*, No. 16-1342, 2018 WL 5733176, at *4 (W.D. Tex. Aug. 24, 2018)). "[O]ut-of-court statements fall within the scope of the privilege if the statements bear some relationship to pending or contemplated litigation." *Fringe Benefit Grp. Inc. v. FCE Benefit Adm'rs, Inc.*, No. 18-369, 2018 WL 6728486, at *3, (W.D. Tex. Dec. 21, 2018), *R. & R. adopted,* 2019 WL 2563833 (W.D. Tex. Mar. 19, 2019). To determine if an out-of-court statement is related to a litigation, "the court must consider the entire communication in its context, and must extend the privilege to any statement that bears some relation to an existing or proposed judicial proceeding," with all doubt being "resolved in favor of the communication's relation to the proceeding." *Fringe Benefit Grp. Inc.,* 2018 WL 6728486, at *3 (quoting *Russell v. Clark*, 620 S.W.2d 865, 870 (Tex. Civ. App. 1981)). When claims are

"barred by Texas's judicial proceeding privilege," this Court can and will dismiss them "under Rule 12(b)(6) for failure to state a claim." *Fringe Benefit Grp. Inc.*, 2018 WL 6728486, at *2; *see id.* at *4.

"In order to avoid circumvention of the policy behind the privilege, it has been extended beyond defamation claims." *My Bucket J*, 2022 WL 17813790, at *2 (citing *Bird v. W.C.W.*, 868 S.W.2d 767, 771-72 (Tex. 1994)). "Put differently, the privilege 'is not limited to claims of libel or slander, and it should be applied to claims arising out of communications made in the course of judicial proceedings, regardless of the label placed on the claim.'" *My Bucket J*, 2022 WL 17813790, at *2 (quoting *Crain v. Unauthorized Prac. of L. Comm. of Supreme Ct. of Texas*, 11 S.W.3d 328, 335 (Tex. App. 1999)). Following this rule, courts apply the privilege to claims of fraud such as those plaintiff brings here. *See, e.g.*, *Wiggins v. Poyner Spruill L.L.P.*, No. 24-20011, 2024 WL 4212894, at *3 (5th Cir. Sept. 17, 2024) (affirming dismissal of "defamation and fraud claims" based on statements allegedly "made to the district court or to co-counsel in the original Golden Corral litigation," because "[s]tatements to a court or to co-counsel during litigation are absolutely protected under Texas law."). "The judicial-proceedings privilege exists to facilitate the proper administration of the justice system. It does so by relieving the participants in the judicial process from fear of retaliatory lawsuits for statements they make in connection with the proceeding itself." *Landry's*, 631 S.W.3d at 48.

Plaintiff's fraud claims are barred by the Texas judicial-pleadings privilege. Plaintiff admits that its allegations arise entirely from two sources: first, "settlement discussions for this case" that occurred "[a]fter the Original Complaint was filed" (FAC ¶ 72; *see id.* ¶¶ 72-79), and second, Viasat's "publicly fil[ing] PAYG's confidential email and draft agreement as exhibits to its motion to dismiss." *Id.* ¶ 80; *see id.* ¶¶ 80-83. Quite obviously, Viasat's filing of a document

in this very action "bear[s] some relationship to pending or contemplated litigation," as do the parties' settlement communications; these acts are directly connected to this action, and thus "fall within the scope of the privilege." *Fringe Benefit Grp.*, 2018 WL 6728486, at *3; *see also Landry's*, 631 S.W.3d at 46 (the privilege "attaches to all aspects of the proceedings" including "pleadings or other papers in the case"). Finally, plaintiff's damages claim of "disclosure of sensitive settlement positions, strategic litigation harm, reputational injury, and other damages to be proven at trial," FAC ¶¶ 96, 86, is precisely the kind of "defamation-type damages in name or in substance, i.e., damages for reputational harm," the "judicial privilege applies to bar ." *My Bucket J*, 2022 WL 17813790, at *2. The Court should dismiss Counts II and III of the First Amended Complaint.

## II. Plaintiff Fails to State Claims of Fraud

In addition to failing under the judicial proceedings privilege, plaintiff's common law fraud claims also fail to state the elements of their claims. "A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to state a claim upon which relief can be granted." *Navarro v. Texas*, No. 25-194, 2026 WL 194900, at *1 (W.D. Tex. Jan. 15, 2026). "A complaint may include legal conclusions, but such conclusions must be supported by factual allegations." *Id.*, (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "To survive a dismissal motion, 'plaintiffs must allege facts that support the elements of the cause of action.'" *Navarro*, 2026 WL 194900, at *1 (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152-53 (5th Cir. 2010)). "Cases involving fraud and mistake are subject to more stringent pleading requirements," and "[i]n such cases, 'the circumstances constituting the fraud or mistake shall be stated with particularity.'" *Collins v. Easynews, Inc.*, No. 06-451, 2008 WL 11406004, at *3 (W.D. Tex. Feb. 20, 2008) (quoting Fed. R. Civ. P. 9(b)). "A complaint

alleging fraud must state the 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Collins*, 2008 WL 11406004, at *3 (alteration in original) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). "In other words, the plaintiff must identify the 'who, what, when, and where' of the fraud claim." *Walters v. J.D. Palatine, L.L.C.*, No. 15-850, 2017 WL 79978, at *2 (W.D. Tex. Jan. 9, 2017) (citing *Williams*, 112 F.3d at 178), *R. & R. adopted*, 2017 WL 11002241 (W.D. Tex. Feb. 8, 2017). "Accordingly, in pleading common law fraud and fraud by nondisclosure, Plaintiff must satisfy the heightened pleading requirements of Rule 9(b)." *EC & SM Guerra, LLC v. Philadelphia Indem. Ins. Co.*, No. 20-660, 2020 WL 6205855, at *3 (W.D. Tex. Oct. 21, 2020) (citing *Williams*, 112 F.3d at 177).

### A. Plaintiff Fails to Allege Common Law Fraud

"Under Texas law, the elements of common-law fraud are: (1) material misrepresentation; (2) that is false; (3) made with knowledge of its falsity or recklessness as to its truth; (4) made with intention that it should be acted upon by another party; (5) relied upon by other party; and (6) causing injury." *Trevino v. Bank of New York Mellon*, No. 12-1077, 2013 WL 12120979, at *2 (W.D. Tex. June 13, 2013) (citing *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009)). To avoid dismissal, the first amended complaint must state all of these elements; it states none of them.

#### 1. Plaintiff Fails to Allege a Material Misrepresentation

The first element of common law fraud is a "material misrepresentation." *Trevino*, 2013 WL 12120979, at *2. "To be material, the misrepresentation complained of must concern a material fact as distinguished from a mere matter of opinion, judgment, probability, or expectation." *Id.* (citing *Jeffcoat v. Phillips*, 534 S.W.2d 168, 171 (Tex. Civ. App. 1976)). The

first amended complaint alleges three misrepresentations; all fail. First, plaintiff claims that Viasat's "requesting a draft global settlement agreement on August 11, 2026," was a material misrepresentation. FAC ¶ 90(a). But "requesting a draft global settlement agreement" is not a statement of fact; as the complaint admits, it is a "request[]" that seeks something, and does not provide anything at all. At most it is a "matter of . . . expectation" specifically excluded by *Trevino*, *supra*. Next, plaintiff claims that "accepting confidential settlement materials marked 'CONFIDENTIAL FRE 408' and 'HIGHLY CONFIDENTIAL FRE 408'" is a material misrepresentation. FAC ¶ 90(b). The complaint does not specify what it means by "accepting" and thus fails under Rule 9(b). *See supra.* For this failure there is no cure: there is no way that Viasat's mere "accepting" of a document can be a "material misrepresentation" as required by the law. *Trevino*, 2013 WL 12120979, at *2. Finally, plaintiff claims a material misrepresentation by "responding on September 4, 2026, that it was 'still considering' settlement options and would provide a counterproposal." FAC ¶ 90(c). As an initial matter, Plaintiff's allegation is inconsistent with the record. Viasat's email, which plaintiff submitted to the Court in support of its motion to seal, stated that Viasat would "continue to consider settlement options and will get back to you when we have a counterproposal." Docket No. 22-2 at 2. Because plaintiff's "assertions are contradicted by the record before the Court" they "should not be credited." *United States v. Valencia*, No. 17-882, 2024 WL 5301786, at *2 (W.D. Tex. Oct. 7, 2024). But whether the Court credits Viasat's actual email or plaintiff's incorrect summary of that email does not matter: in either case, Viasat's statement provided no "material fact"; it stated Viasat's current opinion and potential future actions, thus providing at most "opinion" and "expectation" which cannot suffice. *Trevino*, 2013 WL 12120979, at *2. "Pure expressions of opinion are not representations of material fact, and thus cannot provide a basis for a fraud

claim." *Trevino*, 2013 WL 12120979, at *2 (citing *Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.*, 896 S.W.2d 156, 163 (Tex. 1995)). "These alleged statements are mere expressions of opinion that do not concern a material fact, and thus are not actionable material misrepresentation." *Trevino*, 2013 WL 12120979, at *2. "Because Plaintiffs have not alleged an actionable material misrepresentation," plaintiff's "common-law fraud claim should be dismissed." *Id.*

**2. Plaintiff Fails to Allege Falsity or Knowledge of Falsity**

Plaintiff must allege that Viasat's alleged "material misrepresentations" were "false" and "made with knowledge of its falsity or recklessness" as to their truth, as well as "made with intention" that they "should be acted upon by another party." *Trevino*, 2013 WL 12120979, at *2. "To recover on a claim of fraud, a plaintiff must prove that a representation was false when made." *P.M.I. Servs. N. Am., Inc. v. Enduro Pipeline Servs., Inc.*, No. 16-442, 2018 WL 8131232, at *8 (W.D. Tex. May 18, 2018) (citing *Clardy Mfg. Co. v. Marine Midland Bus. Loans Inc.*, 88 F.3d 347, 359 (5th Cir. 1996)). Plaintiff relies on the three alleged misrepresentations discussed above, *see* FAC ¶ 90, and claims that they were "false" because they "represented, expressly and implicitly, that Viasat would treat the settlement communications as confidential." *Id.* ¶ 91. But none of these alleged misrepresentations say anything about confidentiality, and in any event plaintiff did "not plead facts showing that a material misrepresentation was made and known to be false when made," providing only plaintiff's *post hoc* opinion that these statements were false and made with intention to cause reliance. *Infinite Roofing GC, LLC v. Powers*, No. 05-25-01531-CV, 2026 WL 3323180, at *7 (Tex. App. Nov. 3, 2026). "[N]otice pleading requires factual allegations that would be sufficient, if proved, to support a judgment." *Id.* (citing *Collingwood USA, Inc. v. Morgan Stanley & Co., LLC*, No. 05-24-00629, 2026 WL 978579, at

*6 (Tex. App. Apr. 10, 2026)); *see* Fed. R. Civ. P. 9(b). If plaintiff's own opinion that a statement is false was sufficient to allege falsity under Rule 9(b), this element would have no meaning. "[N]othing in [plaintiff's] allegations identifies a false or fraudulent statement uttered by [Viasat]." *Nucor Corp. v. Requenez*, No. 20-345, 2021 WL 2351042, at *2 (S.D. Tex. June 9, 2021). "To the contrary, [plaintiff] alleges that [Viasat] straightforwardly explained its intentions with respect to the [continuing settlement negotiations]." *Id.* "In short, [plaintiff] simply fails to allege that [Viasat] provided false information." *Id.*

**3. Plaintiff Fails to Allege Reliance**

Plaintiff must allege that Viasat's alleged material misrepresentations were "relied upon by [the] other party." *Trevino*, 2013 WL 12120979, at *2. "Detrimental reliance is an essential element of a claim for fraud." *Pasture Renovators, L.L.C. v. Lawson Cattle & Equip., Inc.*, 480 F. Supp. 2d 890, 893 (W.D. Tex. 2006) (citing *F.D.I.C. v. Patel*, 46 F.3d 482, 486-87 (5th Cir. 1995)). "No fraud has been perpetrated until the claimant has acted in reliance upon false representations." *Pasture Renovators*, 480 F. Supp. 2d at 894 (quoting *Jackson v. Speer*, 974 F.2d 676, 679 (5th Cir. 1992)). Plaintiff alleges that it "reasonably and justifiably relied on Viasat's representations and conduct by providing the draft global agreement and continuing settlement discussions." FAC ¶ 94. But plaintiff provided the draft settlement agreement on August 26, 2026, *before* Viasat's alleged misrepresentation of September 4, 2026. *Compare* Docket No. 16-54 *with* FAC ¶ 90(c). And the only "confidential settlement materials" plaintiff alleges that Viasat "accept[ed]" is the draft agreement itself—which Viasat could not accept until after plaintiff transmitted it. FAC ¶ 90(b). "A party cannot be said to rely on a misrepresentation received after the action allegedly taken in reliance upon that misrepresentation." *Horton v. WanaBana Austrofood Cit. Ltda*, No. 24-221, 2025 WL 2492969, at *7 (W.D. Tex. Apr. 8, 2025)

(quoting *Shafran v. Avital*, No. 15-140, 2015 WL 5457059, at *3 (S.D. Tex. Sept. 17, 2015)), *R. & R. adopted*, 2025 WL 2940724 (W.D. Tex. Oct. 16, 2025). That leaves only Viasat's "request[]" for a "global settlement agreement." FAC ¶ 90(a). Plaintiff does not allege any facts showing that it could reasonably and justifiably rely on a litigation adversary's "request[]" for a "global settlement agreement" to include an implicit confidentiality clause, and no such facts exist. *Id.* Plaintiff has failed to allege reliance.

**4. Plaintiff Fails to Allege Injury**

Plaintiff must allege that Viasat's alleged material misrepresentations caused plaintiff injury. *Trevino*, 2013 WL 12120979, at *2. "To recover for fraud, the plaintiff must plead and prove that a *pecuniary loss* was suffered as a result of reliance upon a false representation." *Harris Cnty. Texas v. MERSCORP Inc.*, 791 F.3d 545, 560 (5th Cir. 2015) (emphasis in original) (quoting *Coffel v. Stryker Corp.*, 284 F.3d 625, 637 (5th Cir. 2002)). "There must be pleading and proof of a pecuniary loss suffered which is directly traceable to and which resulted from the false representation upon which the injured party relied." *Pasture Renovators*, 480 F. Supp. 2d at 894 (quoting *C & C Partners v. Sun Expl. & Prod. Co.*, 783 S.W.2d 707, 718-19 (Tex. App. 1989)). Plaintiff alleges that it "suffered injury as a direct and proximate result of Viasat's fraudulent conduct, including disclosure of sensitive settlement positions, strategic litigation harm, reputational injury, and other damages to be proven at trial." FAC ¶ 96. Plaintiff does not identify any monetary damages in its amended complaint that occurred from the alleged common law fraud. "As pled, however, Plaintiffs have no injury and hence, no claim for common law fraud." *Myers v. CitiMortgage*, No. 12-28, 2013 WL 12113408, at *3 (E.D. Tex. Jan. 16, 2013). Plaintiff "did not surrender any right, substantially change its behavior in reliance on [Viasat's]

alleged promise, or suffer any detriment as a result of its alleged reliance on the promise." *Pasture Renovators*, 480 F. Supp. 2d at 894. The Court should dismiss this claim.

**B. Plaintiff Fails to Allege Fraud by Nondisclosure**

"The elements of a claim of fraud by nondisclosure are '(1) the defendant failed to disclose facts to the plaintiff, (2) the defendant had a duty to disclose those facts, (3) the facts were material, (4) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts, (5) the defendant was deliberately silent when it had a duty to speak, (6) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting, (7) the plaintiff relied on the defendant's nondisclosure, and (8) the plaintiff was injured as a result of acting without that knowledge.'" *Griffin v. Pepsico, Inc.*, No. 26-160, 2026 WL 2450278, at *7 (W.D. Tex. July 20, 2026) (quoting *Cantillo v. Cantillo*, 627 S.W.3d 367, 370 (Tex. App. 2021)), *R. & R. adopted*, 2026 WL 2447960 (W.D. Tex. Aug. 19, 2026). "Fraud by nondisclosure is a 'subcategory of fraud' that requires all the same elements as fraud by affirmative misrepresentation, with the distinction that the misrepresentation may consist of a material omission despite a duty to disclose." *Lopez v. State Farm Lloyds*, 780 F. Supp. 3d 663, 678 (W.D. Tex. 2025) (citing *SED Holdings, LLC v. 3 Star Props., LLC*, No. 17-1655, 2018 WL 11429880, at *7 (S.D. Tex. Dec. 17, 2018)).

**1. Plaintiff Fails to Allege Viasat Had a Duty to Disclose Facts and Deliberately Failed to Do So**

Plaintiff must allege that the following elements under a claim of fraud by nondisclosure: Viasat "failed to disclose facts to the plaintiff"; that Viasat "had a duty to disclose those facts"; and that Viasat "was deliberately silent when it had a duty to speak." *Griffin*, 2026 WL 2450278, at *7. "A duty to disclose 'may arise in four situations: (1) where there is a special or fiduciary relationship; (2) where one voluntarily discloses partial information, but fails to disclose the

whole truth; (3) where one makes a representation and fails to disclose new information that makes the earlier representation misleading or untrue; and (4) where one makes a partial disclosure and conveys a false impression.'" *Griffin*, 2026 WL 2450278, at *7 (quoting *Cantillo*, 627 S.W.3d at 370-71). Plaintiff alleges that "Viasat had a duty to disclose that it did not intend to honor the confidentiality designations or that it intended to publicly file the documents." FAC ¶ 78. Plaintiff alleges that Viasat's duty arose because "Viasat made partial disclosures that created a false impression of confidentiality and continued settlement consideration" because Viasat responded "[t]hanks for sending the draft . . . We will continue to consider settlement options and will get back to you when we have a counterproposal." FAC ¶¶ 76, 78. Plaintiff alleged that "Viasat failed to disclose its intent to publicly file the confidential materials and instead remained silent." *Id.* ¶ 79.

Viasat had no duty to plaintiff, its litigation adversary. Plaintiff fails to identify the alleged "partial disclosures that created a false impression of confidentiality," who made them, and when and where they were made that would create this duty. "[T]he plaintiff must identify the 'who, what, when, and where' of the fraud claim," and plaintiff fails to do so here. *Walters*, 2017 WL 79978, at *2. Furthermore, plaintiff does not allege that Viasat said anything about the confidentiality of the documents plaintiff provided; it alleges only that Viasat wrote that "[w]e are still considering our response, but are unlikely to have a counterproposal before we must respond to the complaint. We will continue to consider settlement options and will get back to you when we have a counterproposal." Docket No. 22-2. Plaintiff does not allege that Viasat made made any statement relating to confidentiality, and "mere silence is not fraud." *Setliff v. Zoccam Techs., Inc.*, No. 21-2025, 2022 WL 4240893, at *18 (N.D. Tex. Sept. 13, 2022) (quoting *Moore & Moore Drilling Co. v. White*, 345 S.W.2d 550, 555 (Tex. Civ. App. 1961)). Viasat had no duty to

disclose to plaintiff, and "[i]f there is no duty to disclose, there is no fraud by nondisclosure." *Tornado BUS Co. v. BUS & Coach Am. Corp.*, No. 14-3231, 2015 WL 11120584, at *5 (N.D. Tex. Dec. 15, 2015) (citing *White v. BAC Home Loans Servicing, LP*, No. 09-2484, 2010 WL 4352711, at *3 (N.D. Tex. Nov. 2, 2010)). Finally, Viasat's alleged partial disclosures occurred *after* plaintiff transmitted the draft settlement agreement. FAC ¶ 76; *see supra* § II.A.3.

#### 2. The Remaining Elements of Fraud by Nondisclosure Fail for the Same Reasons as Common Law Fraud

"Fraud by nondisclosure is a 'subcategory of fraud' that requires all the same elements as fraud by affirmative misrepresentation, with the distinction that the misrepresentation may consist of a material omission despite a duty to disclose." *Lopez*, 780 F. Supp. 3d at 678. Plaintiff has failed to plead fraud by nondisclosure for the same reasons it failed to plead common law fraud. *See supra* § II.A. The Court should dismiss this claim as well.

### III. The Court Should Deny Leave to Amend

Should the Court grant Viasat's motion to dismiss plaintiff's common law fraud claims, it has "'sound discretion'" to "grant or deny leave to amend" to plaintiff. *Artesia Springs, LLC v. DS Waters of Am., Inc.*, No. 14-791, 2015 WL 12712643, at *5 (W.D. Tex. Jan. 13, 2015) (quoting *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012)), *R. & R. adopted*, 2015 WL 12712644 (W.D. Tex. Jan. 31, 2015). "[A] court need not allow a plaintiff to amend a complaint if the amendment would be futile." *Ireland v. Simmons*, No. 25-162, 2025 WL 3776816, at *5 (W.D. Tex. Dec. 31, 2025) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

Plaintiff can not allege these claims in a manner that is not barred by the judicial-proceedings privilege, making any amendment "futile." Plaintiff is also incapable of alleging "facts that support the elements of the cause of action" for common law fraud. *Navarro*,

2026 WL 194900, at *1. Plaintiff has "alleged insufficient facts to establish a colorable claim for common law fraud," and plaintiff's "claim[s] for common law fraud should be dismissed with prejudice as factually frivolous." *Williams v. Short*, No. 23-1069, 2023 WL 8248778, at *5 (W.D. Tex. Oct. 3, 2023) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)), *R. & R. adopted*, 2023 WL 8242476 (W.D. Tex. Nov. 28, 2023). Further leave to amend would be fruitless. For this reason, the Court should exercise its discretion to deny plaintiff further leave to amend his complaint.

## CONCLUSION

For the reasons stated above, the Court should dismiss plaintiff's common law fraud claims without leave to amend.

Date: November 10, 2026

Respectfully submitted,

*/s/ James Travis Underwood*
James Travis Underwood
Texas Bar No. 24102587
GILLIAM & SMITH, LLP
7232 Crosswater Avenue
Tyler, Texas, 75703
+1 (903) 934-8450
+1 (903) 934-9257 facsimile
travis@gillamsmithlaw.com

Matthew S. Warren
Erika H. Warren
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-245@cases.warrenllp.com

*Attorneys for Defendant Viasat, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2026, I caused the foregoing Motion Under Federal Rule of Civil Procedure 12(b)(6) for Partial Dismissal of Plaintiff's Amended Complaint by Defendant Viasat, Inc. to be served on all counsel of record through the Court's electronic filing system.

*/s/ James Travis Underwood*
James Travis Underwood