**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **PAY AS YOU GO, LLC,**<br><br>Plaintiff,<br>v.<br><br>**VIASAT, INC.,**<br><br>Defendant. | C.A. No. 7:26-cv-00245-DC-DTG<br><br>**JURY TRIAL DEMANDED**<br><br>**PATENT CASE** |

**DECLARATION OF DAVID R. BENNETT**

1. I am a member of Direction IP Law, and one of the attorneys representing Pay As You Go, LLC in this matter. I have personal knowledge of the facts set forth in this Declaration. I am competent to testify as to all matters stated, and I am not under any legal disability that would in any way preclude me from testifying. I submit this Declaration in support of Pay As You Go, LLC's Opposition to Viasat, Inc.'s Motion Under Fed.R.Civ.P. 12(b)(1) to Dismiss Plaintiff's Complaint for Lack of Standing.

2. Attached hereto as Exhibit A is a true and correct copy of the Certificate of Good Standing for Pay As You Go, LLC issued by the Wyoming Secretary of State.

3. Attached hereto as Exhibit B is a true and correct copy of the Operating Agreement of Pay As You Go, LLC, which is filed under seal.

4. Attached hereto as Exhibit C is a true and correct copy of the Certificate of Status for Patent Asset Management, LLC issued by the Florida Department of State.

5. Attached hereto as Exhibit D is a true and correct copy of a May 9, 2024, letter from First Horizon Bank regarding Pay As You Go, LLC's account relationship with the bank, which is filed under seal.

6. Attached hereto as Exhibit E is a true and correct copy of the recorded Assignment of Patent Rights from EBM/IP, LLC to Pay As You Go, LLC, including the Patent Assignment Cover Sheet and Assignment of Patent Rights, which was recorded with the USPTO on May 3, 2023, at Reel 63520/Frame 0226.

7. Attached hereto as Exhibit F is a true and correct copy of guidance published by the Internal Revenue Service titled "Single member limited liability companies" available at https://www.irs.gov/businesses/small-businesses-self-employed/single-member-limited-liability-companies (last visited Nov. 9, 2026).

8. Attached hereto as Exhibit G is a true and correct copy of the Form W-9 for Pay As You Go, LLC, and which is filed under seal.

9. On November 5, 2026, Viasat's counsel sent an email to me explaining its position that the Amended Complaint did not moot Viasat's motion:

> I will preview what we will say: as I have explained before, plaintiff's amended complaint does not moot Viasat's motion, which makes a factual attack under Rule 12(b)(1). "To defeat a factual attack, a plaintiff 'must prove the existence of subject-matter jurisdiction by a preponderance of the evidence' and is 'obliged to submit facts through some evidentiary method to sustain his burden of proof.'" *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015) (quoting *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989) (internal quotation marks and footnotes omitted), *aff'd sub nom. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990)). For at least this reason, the amended complaint does not moot Viasat's motion to dismiss. We note that the Court seems to agree with us on this point, as it has not entered an order mooting the motion.

10. On November 9, 2026, I met and conferred with counsel for Viasat, Matthew Warren and James Underwood, regarding PAYG's request for Viasat to withdraw its Motion to Dismiss. In advance of the meet and confer, I sent an email to Viasat's counsel with the following explanation for why the motion was baseless and that it unreasonably and vexatiously multiplies the proceedings under 28 U.S.C. §1927:

- Standing requires analyzing whether PAYG is the owner of the ‘127 patent, has the right to sue for infringement and collect damages, and is the “patentee.” Yet, your motion never acknowledges or disputes the assignment to PAYG, which is core to determining the rights assigned to PAYG. The assignment is publicly available and attached to the Amended Complaint, so there is no excuse for ignoring it.
- The Valve and GNOME agreements do not cover the ‘127 Patent and are irrelevant to whether PAYG has standing
- You speculate regarding the Discord Agreement (I’m aware that you were involved with the agreement so you know the contents, but it still doesn't support your argument (see below))
- You publicly filed Exhibit 53 and refused to withdraw it and file it under seal as required by Dkt. 10. Instead, you required PAYG to file an opposed motion to seal. (see Dkt. 22, 24, 33).
- The FRE 408 draft settlement agreement you publicly filed does not support your motion
- Your core argument for lack of standing is legally incorrect (e.g., “Standing to Bring Infringement Claims… Cannot Exist if Another Party Can License the Patent-in-Suit,” but *see, e.g.*, *Intell. Tech LLC v. Zebra Techs. Corp.*, 101 F.4th 807 (Fed.Cir. 2024) ( “A patent owner has exclusionary rights sufficient to meet the injury-in-fact requirement even where, without more, it grants another party the ability to license.”)). You don't identify any document in which PAYG granted another party the ability to license. Instead, you argue that when PAM (PAYG's owner and sole member) and Mr. Rothschild (PAYG's Manager) perform acts on behalf of PAYG, that they somehow obtained rights in the '127 Patent despite no evidence.
- Your demand for a dismissal “with prejudice” is legally baseless: Mullen v. Mullin, No. 25-30604, 2026 WL 2607785, at *4 (5th Cir. Sept. 3, 2026) (it is “well-settled that dismissals for lack of subject matter jurisdiction should be without prejudice.”); Rule 41(b), Fed.R.Civ.P. (“any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits”) (emphasis added).
- You attached 53 exhibits to the motion, but only five of them are used to support your lack-of-stand argument (and as explained above, all five fail to support your argument); and you attached over 400 pages of transcript but only cited to about 4 pages.
- You cite to hearsay testimony of an adverse expert witness in unrelated litigation but imply it is testimony of Mr. Rothschild or someone related to PAM or PAYG.

At the meet and confer, Viasat stated that it would not withdraw its motion.

I declare under penalty of perjury that the foregoing is true and correct and that I signed this declaration in Chicago, Illinois, on November 12, 2026.

David R. Bennett